Argued and submitted January 9, reversed March 14, respondent's petition for
reconsideration filed March 21 allowed by opinion May 16, 2007
See 212 Or App 706, 159 P3d 355 (2007)

JOSE MANUEL SENDA,
*Petitioner-Respondent,*

*v.*

Frank THOMPSON,
Superintendent,
Columbia River Correctional Institution,
*Defendant-Appellant.*

Multnomah County Circuit Court
020302171; A126303

154 P3d 53

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Brian Conry argued the cause and filed the briefs for respondent.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

PER CURIAM

**PER CURIAM**

This matter is before us on remand from the Supreme Court. We summarily affirmed the decision of the post-conviction court vacating petitioner's convictions for burglary in the first degree with a firearm, assault in the third degree with a firearm, and unlawful use of a weapon on the grounds that petitioner's trial counsel provided constitutionally inadequate assistance of counsel by failing to advise petitioner, who is a Mexican national, that, by pleading no contest to the charges, he would almost certainly be deported from the United States. The Supreme Court allowed review, vacated our decision, and remanded the case to us for reconsideration in light of *Gonzalez v. State of Oregon*, 340 Or 452, 134 P3d 955 (2006).

In *Gonzalez,* the Supreme Court held that defense counsel is not required, under state constitutional standards governing inadequate assistance of counsel, to assess and advise a defendant of the likelihood that the defendant will be deported as a result of a criminal conviction. Rather, it is sufficient that the defendant be advised of the maximum collateral consequences that may result. *Id.* at 459-60. Here, it is undisputed that petitioner's trial counsel told him that he could be deported as a result of his plea. That petitioner was virtually certain to be deported—and would not get the hearing to contest his deportation that counsel also told him that he would have—does not render counsel's advice constitutionally inadequate under *Gonzalez*. The maximum collateral consequence of petitioner's conviction was deportation. Petitioner was told that.

Reversed.