## JOSE MANUEL SENDA,
*Petitioner-Respondent,*

*v.*

## Frank THOMPSON,
Superintendent,
Columbia River Correctional Institution,
*Defendant-Appellant.*

Multnomah County Circuit Court
020302171; A126303

159 P3d 355

On respondent's petition for reconsideration filed March
21, 2007. Opinion filed March 14, 2007. 211 Or App 390, 155
P3d 53 (2007).

Brian Conry for petition.

Before Haselton, Presiding Judge, and Armstrong and
Rosenblum, Judges.

PER CURIAM

## PER CURIAM

Petitioner in this post-conviction case petitions for reconsideration of our per curiam opinion in *Senda v. Thompson*, 211 Or App 390, 155 P3d 53 (2007), in which, on remand from the Supreme Court, we held that petitioner's trial counsel's advice was not constitutionally inadequate under *Gonzalez v. State of Oregon*, 340 Or 452, 134 P3d 955 (2006). In his petition for reconsideration, petitioner contends that we erred by not considering his federal constitutional claim. After a careful reexamination of the record, we agree with petitioner and therefore allow his petition for reconsideration.[1]

However, on this record, we disagree with petitioner that the federal constitution commands a different result. In his petition for reconsideration, petitioner focuses on the following statement in our original opinion:

> "Here, it is undisputed that petitioner's trial counsel told him that he could be deported as a result of his plea. That petitioner was virtually certain to be deported—and would not get the hearing to contest his deportation that counsel also told him that he would have—does not render counsel's advice constitutionally inadequate under *Gonzalez*."

According to petitioner, this statement constitutes a "recognition" by this court that petitioner was affirmatively misadvised by his trial counsel of the immigration consequences of his conviction and, therefore, that counsel's advice was ineffective under the Sixth Amendment to the United States Constitution.

---

[1] In his second amended petition for post-conviction relief, petitioner alleged that he was denied effective and adequate assistance of trial counsel under both the United States and Oregon constitutions because, among other things, his trial counsel provided "false and affirmatively misleading" advice by telling him that he "may" be deported when "as a required matter of immigration law the direct consequences" of his conviction was "eternal banishment, eternal denial of naturalization, and permanent exclusion from the United States." Although he presented no separate argument under the federal constitution, the trial court granted petitioner's post-conviction relief petition "based upon *Gonzalez v. State of Oregon*, 191 Or App 587[, 83 P3d 921] (2004), [*rev'd*, 340 Or 452, 134 P3d 955 (2006),] Article 1, § 11 of the Oregon Constitution, and the Sixth Amendment of the Constitution of the United States[.]" It is thus necessary for us to address petitioner's federal constitutional claim.

In its order granting relief, the post-conviction court concluded,

> "By the time [petitioner] pled guilty * * * the charges to which he pled were aggravated felonies, which carry automatic removal (deportation). He did not have the right to hearing, he did not have any legal avenue to avoid deportation. Under [this court's opinion in] *Gonzalez v. State*, he should have been advised that he <u>would</u> automatically be deported."

(Emphasis in original.) Our statement—that petitioner "would not get the hearing to contest his deportation that counsel also told him that he would have"—mischaracterizes that ruling, as well as the evidence in the record, and we withdraw it.

In his affidavit, defense counsel testified that he did not "explain the intricacies of a deportation hearing or the results of any deportation hearing * * *." He also told petitioner that those details were beyond his area of expertise. Petitioner's own testimony before the post-conviction court reflects that he *did* have a deportation hearing. Thus, defense counsel's advice was not erroneous. We conclude that defense counsel's representation did not fall below the "objective standard of reasonableness" necessary to establish a claim for ineffective assistance of counsel under the Sixth Amendment. *Strickland v. Washington*, 466 US 668, 688, 104 S Ct 2052, 80 L Ed 2d 674 (1984).

Reconsideration allowed; former opinion modified and adhered to as modified.